E-filing

FILED
JUL 69 2008
RICHARD W. ...
CLERK, U.S. DI... ...OURT
...

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2  Name  Lawson          James          E
3        (Last)          (First)        (Initial)

4  Prisoner Number  T-77697

5  Institutional Address  SQSP  San Quentin  Ca  94974

7  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA

9  James Edward Lawson
   (Enter the full name of plaintiff in this action.)
   
   CV 08  3349  VRW
   
10   vs.                                Case No. _____
                                        (To be provided by the Clerk of Court)
11  Dan Foy
12  Matt Goughnour                      COMPLAINT UNDER THE     (PR)
                                        CIVIL RIGHTS ACT,
13  D. Smaller                          Title 42 U.S.C § 1983
14  Eureka Parole Office
   (Enter the full name of the defendant(s) in this action)

16  [All questions on this complaint form must be answered in order for your action to proceed..]

17  I.   Exhaustion of Administrative Remedies.

18       [**Note:** You must exhaust your administrative remedies before your claim can go
19       forward. The court will dismiss any unexhausted claims.]

20       A.   Place of present confinement  SQSP/CDCR

21       B.   Is there a grievance procedure in this institution?
22            YES (✓)   NO ( )

23       C.   Did you present the facts in your complaint for review through the grievance
24            procedure?
25            YES (✓)   NO ( )

26       D.   If your answer is YES, list the appeal number and the date and result of the
27            appeal at each level of review. If you did not pursue a certain level of appeal,
28            explain why. M Goughnour said he did not feel the need to Answer
             my appeal B/C I was locked up

COMPLAINT                              - 1 -

1. Informal appeal _I wrote A 602 on D smallen & D Foy to there Boss Matt Goughnour PA III But he said he did not see A need to Answer Neither of them_

2. First formal level _I wrote A complait to risk management of Humboldt Co on D smallen & D Foy_

3. Second formal level _I have wrote A 602 to the wardon of San Quentin & CDCR unable to help B/C the problem is outside the prison_

4. Third formal level _I have wrote 602 to Sacramento Ca CDCR_

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (✓)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _There seem Not to Be any available to me But I have filed 602 to the wardon of SQ an to the Director of Corrections But No Answer as of yet as of 5-24-08 or 7-8-08_

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_James Edward Lawson T-77697_
_SQSP_
_San Quentin Ca 94974_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

_Dan Foy parole officer / D. Smaller parole officer / Matt Goughnour Head of the Eureka parole office_

COMPLAINT                                  - 2 -

1
2
3
4
5  III.   Statement of Claim.
6         State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.
10 On 8-20-07 D. Smallen place illegal special conditions on me after he filed
11 at making sexal addvance at me I file A sexal herassment complaint through Risk
12 management of Humboldt Co and Matt Goughnour the PA III gave me and New
13 agent of Dan foy who on the first time I talk to him at HRC told me that No
14 one at the Eureka parole office like me And that They were going to send me Back
15 to prison every time they could see in fare of my freedom & safty I left the program and
16 on 10-03-07 Dan fay stated his Attack in his reports first he mork for not haveing
17 a Job when I am SSD/CCCMS/with Epilepsy and he stated that I am A program fellau
18 When I was kick out of TDCTP Because of Epilepsy meds and CCCMS concerns
19 he also continue my parole under the illegal special condition of D. Smallen
20 he list my violation so that it looks like I have many when I've only Be
21 in Cotudy three times he write statment about my plan to the BPT But has
22 only talk to me once for two minutes                    Page two →
23 IV.    Relief.
24        Your complaint cannot go forward unless you request specific relief. State briefly exactly
25 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.
26 I want to Be on parole in SF not in Humboldt and I am asking for
27 $50,000 Dollar from the Eureka parole office for slander Mentle stress
28 Violation of Due process and A full investagation on the Eureka

COMPLAINT                          - 3 -

1  Parole office on filding falso report and what there turn
2  around ~~that~~ Rate is The $50,000 is Ask from each defendent
3  in the roll of this complaint

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  27  day of  June  , 2008

*Janis E Lawson*
(Plaintiff's signature)

COMPLAINT                                    - 4 -

Continued from page 3            **Notes**

I filed A 602 on the false statment to the PA III on Dan foy But I never Got an Answer when I ask Matt Goughnour the PA III why he informed me that he was very good friends with Dan foy they Both come to the Eureka paroles office together from another county and he did not feel the need to Answer my 602 Because I was lock up he thin informed me that he also was the writter of the report made on 05-06-08 where he wrote many false statment such as concealed weapon Conviction and felon in possession of firearm in hopes of slander me to A BPT and he also states failour ICDTP on two occasions But fells to put reason for seizures Epilepsy & CCCMS concerns he state that I failed to Complete HRC when I when ask to Because of CCCMS concerns of Depression and he write things like Once again Lawson is before the Board for and thin list things I have Never Been before the Board for once again all these report our Being Beefed up and to make me look Bad all Because of my sexal hassment complaint on D. smallen they keep Asking the BPT for the maximum incustody placement and I am not safe under these parole Agent and there report will see there attention even the BPT told me after reading there report that they do not like me I have had to get Back on meds Because of this and I fear for my life & freedom.
I don't believe these understand there Job is to help parolee Back into to Communitys Not prison. I have since thin filed 602 and writs But know answer from the Courts and I have reyusted copies of my file and SQ Records has not replied to me yet its Been over 30 days I Ask the trust Account for the certificate of funds form from A 1983 form to be signed and 30 days later they let me Know they sent it to my counselor and I have yet to see my counselor I have reyusted an Ouerson review But nothing yet

2 of 3

23

James E Lawson T-77697
SQSP
San Quentin Ca 94974

NSF SAN QUENTIN STATE PRISON

Clerk of Humboldt Co. Court
825 Fifth St
Eureka Ca.
95501

RECEIVED
MAY 27 2008
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

UNITED STATES POSTAGE
02 1M
0004248283
$00.42
MAILED FROM ZIP CODE 94964
MAY 22 2008
PITNEY BOWES

I James E Lawson am writting this under Decklaration to state the truth

I started parole in Humboldt in 2003/2004 with Agent Robert and my file will show my parole reports were fair my next Agent was topps and again my file was show good reports and thin I got Agent D smallen who rubb my leg and tryed to hold my hand and would make me pull my pants all the way Down and face him to pee so I filed A sexual misconduct complaint with Risk Management of Humboldt County and I filed A 602 with the parole office of Humboldt to PA III Matt Goughnour who Did not Answer my 602 Nor did he report it to the Internal affairs as well as he did not keep the Alleged victim Confidential as said in Title 15 3401.5. Employee Sexual Misconduct / Penal Code 6254(f)(2) he also did not transfar Me to where I would not be Retaliated against he did iNfact asign me A New parole Agent of Dan foy who is friend with D smallen and Matt Goughnour four year to where I have be Retaliated against by bad parole reports and unture statement My parole file will speak for it self with all the parole reports written on me by all Agents said above Now since I have started this from/1983 complaint I have wrote A 602 to Matt Goughnour about the false reports who stated he didnot need to Answer it Because I was lock up and he did not Believe me over his Agent Because they were friend of 10 years so I wrote A complaint to the Humboldt County clerk of court in way of A habeas Corpus about the Retaliation also another complaint to Risk Management of Humboldt

1 of 3

and since the PA III Matt Goughnour did not Answer my 602 and I did feel it was A San Quentin matter I sent An 602 to CDCR in Sacramento Now in the mean time I started requesting copie of my file in at san Quentian from my councilor and from Records I also filed out An ADA complaint from sence in some of Dan Foys parole report he Attacted my Disability The ADA Form came Back saying I should put my complaint on A 602 to the parole office as I had all ready done and not got and Answer so I put the ADA complaint with A 602 and sent it to the warden of San Quentin who sent it to my councilor and then CDCR in Sacramento screened out my 602 to them saying that I should seek help through the parole office or my Councilor at San Quentin so I sent that 602 to the warden also Now I wrote Internal affairs my self and reported the sexual misconduct and Ask for an investigation I have also written clerk of courts in Humboldt to see why they have not Answered my writ so I have requeted to see my councilor and for copies of my file over 45 day age and got NO Answer I seen him on the prison yard and he told me I was in RC and he had 120 day to see me I sent in the trust account sheet to the 1983 form and 30 day later the trust office sent me A note stating they forward it to my canclor so all of my 602 and request and forms are setting on Someone Desk that think he has 120 day Before he need to see me so I wrote A writ of habeas Corpus to the Marin County court Asking for help also I have written 602 on Limited Law Libarary and No paper for Inmates with no fands

2 of 3

in this complaint I am Asking for $50,000 from each defendant for there part in the sexual misconduct/Retaliation/Violation of Dew process/and slander/mealth stress
it is also claer That I started this form in May and it is Now July 7 2008 and I have not Been able to get any help from CDCR the warden my counclor or parole office and do not see and available administrative remedies and at this point even if CDCR is to transfer my to another county this would still need the court to make Judgement on the about said complaint
I also need the courts to serve the defendant Because of my Being in RC and have very llmited access to A Law Libaray an copies or paper


I declare under penalty of perjury that the facts stated therein are true and correct on 7-6-08

James E Lawson
James E Lawson
T-77697

3 of 3

Clerk of the Court

Can you please send me a risk managment complaint form.

My parole officer is threatining my life. He has made numerous false reports to keep me in prision.

Sincerly [signature]

# EXHIBIT List

**Exhibit A**
is A copy of A 602 on the special conditions set By D. smallen and A CDC 1515 / CDC 1244 / Legal status summary

**Exhibit B**
is A copy of A letter requesting copys of the sexual herrassment complaint

**Exhibit C**
A letter requesting copy of every parole report written on Lawson By Agent Roberts Topps Smallen Fox and Goughnour

**Exhibit D**
A letter requesting A writ of haBeas corpus and A copy of the writ filed

**Exhibit E**
false report written By PA III of Eureke on 5-6-08

**Exhibit F**
Summary of Revocation Hearing on 05-Jun 08

**Exhibit G**
Revocation Rights & A letter An letter to Dipty Commissioner

**Exhibit H**
A copy of A 602 filed on Danfoy & Matt Goughnour for filling out false statment
A trust Account copy for the last 6 month

A writ of habeas to marin Ask for an order to make SQ Answer 602 and give me copies from my file

I also will forward copies of the parole reports and the trust account sheet and 602 if and when my counclor Desides to give them to me it has Been close to 50 day and it Dosen't look like there is hope of getting help from him

I declare under penalty of perjury that this is also ture and correct 7-6-08

James E Lawson
T-77697
*/s/ James E Lawson*

**A PERFECT WORLD**

I have Been Retaliation against from The Eureka parole office Because of A sexual misconduct charge on D Smallen filed by me in 2007 at Risk Management of Humboldt Co But the PA III Did not report it to the office of the Internal Affairs as said in the Title 15 §3402(c) nor did he keep me Confidential I have A list of Exhibit that I have requested from record here at San Quentin But Not received yet I am an RC Inmate with very limited access to Law labiriy and paper or copyer I am also without funds and would Ask the court for An Attorney to help with this matter I have Been unable to get copies of the files from CDCR or the Eureka parole office But if you look Before and after the complaint was made you will see it was handle wrong and the retaliation start thin since thin I have written A letter to the Internal Affairs my self and Risk Management of Humboldt County courts plus the warden of San Quentin and the Department of corrections in Sac and Now you

I declare under penalty of perjury that the facts stated therein are true and correct.
6-27-08
James E Sawson

§ 3402.      DEPARTMENT OF CORRECTIONS AND REHABILITATION      TITLE 15

(E) Rubbing or touching of the breasts or sexual organs of another or of oneself, in the presence of and with knowledge of another, for the purpose of sexual arousal, gratification, or manipulation; or

(F) Invasion of privacy, beyond that reasonably necessary to maintain safety and security; or disrespectful, unduly familiar, or sexually threatening comments directed to, or within the hearing of, an inmate/parolee.

(b) Penalties. All allegations of sexual misconduct shall be subject to investigation, which may lead to disciplinary action and/or criminal prosecution.

(c) Reporting Requirements. Any employee who observes, or who receives information from any source concerning sexual misconduct, shall immediately report the information or incident directly to the institution head, unit supervisor, or highest-ranking official on duty, who shall then immediately notify the Office of Internal Affairs. Failure to accurately and promptly report any incident, information or facts which would lead a reasonable person to believe sexual misconduct has occurred may subject the employee who failed to report it to disciplinary action.

(d) Confidentiality. Alleged victims who report criminal sexual misconduct falling into one of the Penal Code sections set forth in Government Code 6254(f)(2) shall be advised that their identity may be kept confidential pursuant to Penal Code Section 293.5, upon their request.

(e) Retaliation Against Employees. Retaliatory measures against employees who report incidents of sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, unwarranted denials of promotions, merit salary increases, training opportunities, or requested transfers; involuntary transfer to another location/position as a means of punishment; or unsubstantiated poor performance reports.

(f) Retaliation Against Inmates/Parolees. Retaliatory measures against inmates/parolees who report incidents of sexual misconduct shall not be tolerated and shall result in disciplinary action and/or criminal prosecution. Such retaliatory measures include, but are not limited to, coercion, threats of punishment, or any other activities intended to discourage or prevent an inmate/parolee from reporting sexual misconduct.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 289.6, 293.5, and 5054, Penal Code; section 6254, Government Code.

HISTORY:
1. New section filed 6-21-2000 as an emergency; operative 6-21-2000 (Register 2000, No. 25). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 11-28-2000 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 6-21-2000 order transmitted to OAL 10-5-2000 and filed 11-6-2000 (Register 2000, No. 45).

3402. Central File.
(a) Within the scope of their assigned duties, employees are encouraged to consult an inmate's central file for assistance in better understanding the inmate. The contents of the inmate's file is private and privileged information. It will not be discussed with other persons except as is necessary for professional reasons, and will not be the subject of banter between employees or between employees and the inmate to whom it pertains or with other inmates. Information in an inmate's central file may be confidential by law or for reasons relating to institution security and the safety of persons. Such confidential or restricted information must not be disclosed to persons who are not authorized by law and departmental policy and procedures to receive such information.

(b) The central file of a parolee or an inmate may not be removed from the parole region office or an institution without the prior knowledge and approval of the supervising records officer who is responsible for the control and maintenance of the file. Temporary transfer of a central file to another agency for any reason also requires the prior approval of the supervising records officer.

HISTORY:
1. Amendment filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

3403. Communications.
Repealed.

HISTORY:
1. Renumbering and amendment of former section 3403 to new subsections 3401(b) and 3401(c), and repealer of Comment filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 9-13-96 order transmitted to OAL 11-22-96 and filed 1-6-97 (Register 97, No. 2).

3404. Hiring of Ex-Offenders.
(a) The director's written approval is required for appointment of an ex-offender.
(b) Ex-offenders shall not, without the director's written approval, be assigned to areas which enable them to access:
(1) Employee records.
(2) Inmate personal or medical information.
(c) An ex-offender shall not be appointed to any position requiring a background clearance until such clearance is received.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Former section 3404 renumbered to section 3404.1 and new section filed 11-30-93; operative 12-30-93 (Register 93, No. 49).

3404.1. Approval of Ex-Offender Employee Transactions.
Relationships involving business and financial transactions between ex-offender employees and other employees shall require the advance approval of each person's hiring authority and also of the regional parole administrator with jurisdiction over any employee on parole.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Renumbering and amendment of former section 3404 to new section 3404.1 filed 11-30-93; operative 12-30-93 (Register 93, No. 49).

3405. Legal Assistance to Inmates and Parolees.
Employees must not assist an inmate or parolee in the preparation of any legal document, or give any form of legal advice or service, except as specifically authorized by the warden, superintendent or regional administrator. Employees should help inmates and parolees to find qualified assistance for their legal problems.

Comment: Former DR-5216, petitions and writs.

3406. Committed Relatives and Friends of Employees.
If an employee becomes aware that any relative or person with whom the employee has or has had either a personal or business relationship, has been committed or transferred to the jurisdiction of the department, the employee shall notify in writing, employee's institution head or deputy/assistant director.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment of section heading and section, repealer of Comment, and new Note filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 9-13-96 order transmitted to OAL 11-22-96 and filed 1-6-97 (Register 97, No. 2).

3. Amendment of subsection (d), repealer of subsection (e) and amendment and renumbering of subsection (f) to subsection (e) filed 8-22-79; effective thirtieth day thereafter. (Register 79, No. 34).
4. Amendment filed 2-16-88; operative 3-17-88 (Register 88, No. 9).
5. Editorial correction of printing errors in subsections (b) and (c) (Register 92, No. 5).

### 3394. Distractions.

Employees assigned to security post positions or to direct supervision and control of inmates or parolees will not read, listen to a private radio, or engage in any distracting amusement or activity while on assignment except such authorized reading as may be required in the proper performance of their assigned duties.

Comment: Former DR-5205, reading or distraction while on duty.

### 3395. Alertness.

Employees must not sleep or be less than alert and in full possession of all faculties while on duty.

Comment: Former DR-5206, sleeping while on duty.

### 3396. Address and Telephone.

Employees must promptly report any change in their address or telephone number to their supervisor and to the personnel office. If an employee does not have a telephone, the employee must furnish his or her supervisor and the personnel office with information on how the employee can be promptly reached.

Comment: Former DR-5207, change of address or telephone.

### 3397. Emergencies.

Regardless of an employee's class of service, in an emergency any employee must perform any service, including custodial functions, if so directed by the warden, superintendent or regional administrator or his or her delegate. At any time an employee is contacted by telephone or is otherwise informed of an emergency situation at the institution or facility to which they are assigned, the employee must report without delay to the officer-in-charge.

Comment: Former DR-5208, duty in an emergency.

### 3398. Visiting.

Employees must not receive personal visits while on duty except with the permission of the employee's supervisor.

Comment: Former DR-5209, visiting of employees.

### 3399. Transactions.

Employees shall not directly or indirectly trade, barter, lend or otherwise engage in any other personal transactions with any inmate, parolee or person known by the employee to be a relative of an inmate or parolee. Employees shall not, directly or indirectly give to or receive from any inmate, parolee or person known by the employee to be a relative of an inmate or parolee, anything in the nature of a tip, gift or promise of a gift.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2541 and 5054, Penal Code.

HISTORY:
1. Amendment filed 4-10-89; operative 5-10-89 (Register 89, No. 15).
2. Editorial correction of printing errors (Register 92, No. 5).

### 3400. Familiarity.

Employees must not engage in undue familiarity with inmates, parolees, or the family and friends of inmates or parolees. Whenever there is reason for an employee to have personal contact or discussions with an inmate or parolee or the family and friends of inmates and parolees, the employee must maintain a helpful but professional attitude and demeanor. Employees must not discuss their personal affairs with any inmate or parolee.

Comment: Former DR-5211, undue familiarity.

### 3401. Employee and Inmate/Parolee Relations.

(a) Except as provided in (e) below, employees shall not take, deliver or otherwise transmit, either to or from any inmate or member of an inmate's family, any verbal or written message, document, item, article or substance.

(b) Except as provided in (e) below, employees shall not contact, correspond or otherwise communicate with any inmate, parolees or member of an inmate's or parolee's family.

(c) If an employee is contacted by any inmate, parolee or a member of an inmate's or parolee's family, other than under circumstances specified in (e) below, the employee shall immediately notify, in writing, the employee's institution head or deputy/assistant director.

(d) Any employee asked, coerced or otherwise contacted by any person to transmit, take or relay any message, item or substance, either to or from, any inmate, parolee or member of an inmate's or parolee's family, by other than approved means or circumstances, shall immediately notify, in writing, their institution head or deputy/assistant director.

(e) Exceptions to the above prohibitions are as follows:

(1) In the execution of their assigned duties, employees shall issue, or receive from inmates any mail, packages, supplies and other items due or permitted them according to department policy and local procedures.

(2) In the execution of their assigned duties, employees shall interact with any inmate, parolee or member of an inmate or parolee's family as necessary.

(3) While off-duty, and only in accordance with this regulation, departmental employees may conduct relationships with any inmate, parolee or member of an inmate's or parolee's family who is either the employee's immediate family member, as defined in section 3000, or the employee's aunt, uncle, niece, nephew, or first cousin.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendment of section heading and section, including renumbering and amendment of former section 3403 to new subsections (b) and (c), and new Note filed 9-13-96 as an emergency; operative 9-13-96. A Certificate of Compliance must be transmitted to OAL by 2-24-97 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 9-13-96 order transmitted to OAL 11-22-96 and filed 1-6-97 (Register 97, No. 2).

### 3401.5. Employee Sexual Misconduct.

(a) For the purposes of this section, sexual misconduct means any sexual behavior by a departmental employee, volunteer, agent or individual working on behalf of the Department of Corrections, which involves or is directed toward an inmate or parolee. The legal concept of "consent" does not exist between departmental staff and inmates/parolees; any sexual behavior between them constitutes sexual misconduct and shall subject the employee to disciplinary action and/or to prosecution under the law. Sexual misconduct includes, but is not limited to:

(1) Influencing or offering to influence an inmate's/parolee's safety, custody, housing, privileges, parole conditions or programming, or offering goods or services, in exchange for sexual favors; or

(2) Threatening an inmate's/parolee's safety, custody, housing, privileges, work detail, parole conditions or programming because the inmate/parolee has refused to engage in sexual behavior; or

(3) Engaging in sexual act(s) or contact, including:

(A) Sexual intercourse; or

(B) Sodomy; or

(C) Oral Copulation; or

(D) Penetration of genital or anal openings by a foreign object, substance, instrument or device for the purpose of sexual arousal, gratification, or manipulation; or



James E Lawson T-77697
SQSP
San Quentin Ca 94974

Legal

Clerk of the United States District
Court for the Northern District of California
450 Golden Gate Avenue
Box 36060
San Francisco Ca 94102



James E Lawson T-77697
SQSP
San Quentin Ca 94974

Legal Mail

Clerk of the United States District
Court for the Northern District of California
450 Golden Gate Avenue
Box 36060
San Francisco Ca 94102