United States District Court
Northern District of California

RECEIVED
JUL 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

James Edward Lawson

vs

Dan Foy
Matt Goughnaur
O. Smallen
Eureka parole office

Case # CV 08 3349 VRW (PR)

I James Lawson state Before you that I am in prison and do not have A computer to E-filing so I will Be An Unrepresented litigants who is Indgent and must file and serve in paper form and I need to inform the courts that there is need for A Temporary Restraining order in this matter for my parole Date is 8-28-09 and I fare for my safty & freedom Being made parole to Humboldt under the same agents

1) And order for A transfer to San francisco Parole office where I am also on probation is in needed until these matters are look Into

2) Being in RC here at San Quentin I have not Been able to go to the Law Libarary in 7 week Because they only take 10 Inmates out of 500 this is also Being appealed in A 602 and A writ of Habeas SC159916A

3) and Because of my upcoming parole Date I had to file my complaint to you without Being able to make copies and I do not have A cope to serve the defendant(s)

4) Rather thin rewrite An Amanded complaint I am asking for the courts help with serveing the defendant(s)

1 of 2

5) I am also asking the courts to assistesce me with an Attorney to help me in these matter

6) I will be needing A proof of service By Mail for all four defendants and A copie of the complaint

please remember I am withor assistence or resorce's

I the undersigned say I am the petitioner in the action I declare under penalty of perjury under the laws of the state of California that the foregoing allegations and statements are true and correct except as to matters that are stated on my information and belief and as to those matters I believe them to be true

7-16-08                James E Lawson T-77697
                       James E Lawson

Inaddishion please see Exhibit

1) writ of Habeas Corpus case # SC159916A filed ON Not haveing available remedies

2) writ of Habeas Corpus from Humboldt County Order Denying petition CV080414 saying that I have A petition in the US District Court for Northern District on the issues raised in the writ as of 6-20-08 But My Civil Rights Complaint was not filed until 7-11-08

3)

2 of 3

4) Also The administrative review by the warden is returned saying the issues were with the parole regelin not the prison and there is now A writ of Habeas in the Martin Superoir court on CDCR and the warden giveing me A run around with seeking administrative remedies

5) also in CV080414 The Humboldt Superior Court was informed that The Eureka parole office PA III Matt Goughnour said he did not see A need to Answer my 602 Inmate appeal and throw it away Because I was incostey

6) Sacaromento says 602 the warden the warden says 602 the parole office But the problem is the parole office is not Answering my 602 so what remedies is the Humbbloldt Saperoir court talking about

I declare under penalty of perjury the foregoing allegations are true and correct

7-16-08      James E Lawson T-77697

          *James E Lawson* (signature)

3 of 3

Exhibit 1

MC-275

Name James Edward Lawson

Address SQSP
San Quentin Ca 94974

CDC or ID Number T-77697

**FILED**

JUL 0 9 2008

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Tai, Deputy

The Superiors Court of Marin County of California
(Court)

| James Edward Lawson |
|---|
| Petitioner |
| vs. |
| San Quentin State Prison |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. SC159916A
(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit I

MC-275

**This petition concerns:**

- [ ] A conviction
- [x] Parole
- [ ] A sentence
- [ ] Credits
- [x] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other (specify): Dew process voilation

1. Your name: James E Lawson
2. Where are you incarcerated? SQSP
3. Why are you in custody? [x] Criminal Conviction [ ] Civil Commitment / Parole violation

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Absconding parole supervision

   b. Penal or other code sections: Title 15  3094.1 Right to Appeal

   c. Name and location of sentencing or committing court: Humboldt county superior court

   d. Case number:

   e. Date convicted or committed:

   f. Date sentenced:

   g. Length of sentence:

   h. When do you expect to be released? 8-25-08

   i. Were you represented by counsel in the trial court? [x] Yes. [ ] No. If yes, state the attorney's name and address:

   N/A

4. What was the LAST plea you entered? (check one)

   [ ] Not guilty  [x] Guilty  [ ] Nolo Contendere  [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

   [x] Jury  [x] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

---

MC-275 [Rev. January 1, 2007]  **PETITION FOR WRIT OF HABEAS CORPUS**  Page 2 of 6

6. **GROUNDS FOR RELIEF**

MC-275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Violation of Dew process / Violation of Appeal Time Limits

a. **Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

602 are not Being processed on time or at all I have 602 that have Not Been Answered for the Informal level in over 45 day I've wrote the warden and got No Answers My councilor has not Answered My request for an ovson review nor see me for A interview in 55 day since I Been here I send in paper to Be signed for A 1983 form for the courts over 45 days ago and the trust office says they sent it to my councilor who has not seen either I have try to get help to No Avel 602 are Not Being processed on time they say 15 day from when they get it so they are letting them set for weeks it has taken me up to 6 months to seek administrative remedies to only find there remedies is to slow play and pray the Inmate give up I can not even get them to sign to trust sheet form for A 1983 B/C My councilor says he has 120 day to see so all the 602 and trust sheets and complaints to the warden set on my councilor Desk for 50 days Now I have also requested copies of my file and An ovson review over A month ago

b. **Supporting cases, rules, or other authority (optional):**
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Title 15 3084.1
3084.6. Appeal Time Limits

Exhibit 1

7. Ground 2 or Ground _____ (if applicable):                                      MC–275

    3134. Indigent Inmates    Inmate Law Library
    access to forms

a. Supporting facts:

1) we are not given writing paper as it is said in Title 15 we are only given NSF envelopes and No paper and it has Been this way for years C/O say there is No money for paper I have 602 this But got No respounce as of Date

2) west Block Inmates are in R/C and out of 1000 Inmates only 20 A week are alowd to use the Law Library and only if there is not administrative denial also Inmates are made choose between the law required yard time or Doctor Appiontments / store and any other programs which are at the same time and day as the Law Library this is Not meaningful access to the courts and need to be rewritten to where West Block Inmates have more access to the Law Library and Courts

3) most times west Block has NO forms such as 602, Inmate request U-Savem-envelopes, visiting forms or Medical request and C/O Davis tell Inmates that the state has No money for forms I have wrote the warden about this But have not recieved any help or answer and it Been over A months

b. Supporting cases, rules, or other authority:

    3134. Indigent Inmates
    3122. Inmate Law Library

Exhibit 1

MC-275

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☑ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): _____
   b. Result _____ c. Date of decision: _____
   d. Case number or citation of opinion, if known: _____
   e. Issues raised: (1) _____
      (2) _____
      (3) _____
   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known: _____

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No. If yes, give the following information:
   a. Result _____ b. Date of decision: _____
   c. Case number or citation of opinion, if known: _____
   d. Issues raised: (1) _____
      (2) _____
      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: N/A

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    This petition is about failure on the state to allowed Inmates administrative remedies I am Ask the court to order San Quentin to Answer my 602 and request for copie of my file / trust account with in A meaningful time limit as said in Title 15 also given access to law labrary & paper to write the courts

    b. Did you seek the highest level of administrative review available? ☑ Yes. ☐ No.
       Attach documents that show you have exhausted your administrative remedies.

MC-275 [Rev. January 1, 2007]  PETITION FOR WRIT OF HABEAS CORPUS  Pag.

*Exhibit 1*

MC-275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Humboldt County Superior Court

   (2) Nature of proceeding (for example, "habeas corpus petition"): hebeas corpus

   (3) Issues raised: (a) sexual herrassment by Parole Agent

   (b) reprisal by parole Agent an parole office

   (4) Result (Attach order or explain why unavailable): still awaiting

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   I can n't seem to get my 602 Answered or get any help by CDCR or SQ

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☑ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   I have written the parole office/my counselor/the warden/internal affairs/CDCR/Humboldt Courts and Now you

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 7-6-08                                    ▶ *James E Sawson*
                                                    (SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 2007]          **PETITION FOR WRIT OF HABEAS CORPUS**          Page 6 of 6

## Article 7. Furloughs and Temporary Leave

### 3080. Administration.

Institution and parole division staff will administer inmate work and educational furloughs and temporary community release programs in a prudent manner, and in keeping with the basic need for public protection.

Comment: Former DP-1701, policy, general.

### 3081. Compliance.

Inmates who are granted a furlough or temporary leave must comply with all departmental rules and regulations governing such programs; with any conditions for approval; and, with all applicable laws; and must meet eligibility requirements in accordance with departmental procedures and Sections 2690, 2691, 6250 et seq., 6263 of the Penal Code and Section 3306 of the Welfare and Institutions Code.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 6250–6253 and 6260, Penal Code; and Section 3306, Welfare and Institutions Code.

HISTORY:
1. Amendment filed 3-2-83; effective thirtieth day thereafter (Register 83, No. 12).

### 3082. Temporary Leaves.

Temporary leaves will be granted only for inmates who meet the criteria for such leaves, as prescribed in guidelines established by the director, for the following reasons:

(a) Family Emergency. Emergency leaves will normally be considered only for attendance at services for deceased members of the inmate's immediate family, and for visits to critically ill members of the inmate's immediate family. Immediate family members are defined in section 3000.

(b) Prerelease Planning. Prerelease planning leaves may be considered for the purpose of employment interviews, making residential plans and for other reasons closely connected to release programs. A prerelease leave will not normally be granted earlier than 63 days before the inmate has an established or reasonably anticipated release date nor any earlier than is required to accomplish the purpose of a prerelease leave.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2690 and 5054, Penal Code.

HISTORY:
1. Amendment filed 3-22-78; effective thirtieth day thereafter (Register 78, No. 12).
2. Amendment filed 8-22-79; effective thirtieth day thereafter (Register 79, No. 34).
3. Amendment of subsection (b) filed 9-24-81; effective thirtieth day thereafter (Register 81, No. 39).
4. Change without regulatory effect amending subsection (a) filed 12-2-2003 pursuant to section 100, title 1, California Code of Regulations (Register 2003, No. 49).

### 3083. Court Hearing on Inmate's Children.

Upon a court order, inmates will be released to the custody of the sheriff for appearance in court in actions concerning termination of parental rights of an inmate or other parental or marital rights.

HISTORY:
1. Editorial correction of printing error (Register 92, No. 5).

## Article 8. Appeals

### 3084. Definitions.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Change without regulatory effect repealing section filed 10-29-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 6).

### 3084.1. Right to Appeal.

(a) Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare. The decisions of the Departmental Review Board which serve as the director's level decision are not appealable and conclude the inmate's or parolee's departmental administrative remedy pursuant to section 3376.1.

(b) Institution staff shall provide the assistance necessary to ensure that inmates who have difficulty communicating in written English have access to the appeal process.

(c) The department shall ensure departmental appeal forms and forms prescribed by the Board of Parole Hearings, the Narcotic Addict Evaluation Authority, the Prison Industry Authority, and the Joint Venture Program for appeal of decisions, actions, or policies within their jurisdictions, are readily available to all inmates and parolees.

(d) No reprisal shall be taken against an inmate or parolee for filing an appeal. This shall not prohibit appeal restrictions against an inmate or parolee abusing the appeal process as defined in section 3084.4.

(e) An appeal alleging misconduct by a departmental peace officer as defined in section 3291(b) shall be accompanied by a Rights and Responsibility Statement as shown in section 3391(d). Failure to submit this form will be cause for rejecting the appeal, in accordance with section 3084.3(c)(5).

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 148.6, 832.5 and 5054, Penal Code, *Chaker v. Crogan* (9th Cir 2005) 428 F. 3d 1215.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003.
2. Certificate of Compliance as to 5-18-89 order including a clarifying change of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Amendment of subsection (a) filed 1-16-92; operative 2-17-92 (Register 92, No. 13).
4. Amendment of subsections (a) and (d), new subsection (e), and amendment of Note filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
5. Amendment of subsections (a) and (d), new subsection (e), and amendment of NOTE: refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
6. Editorial correction of History 5 (Register 97, No. 24).
7. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (a) and (e), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).
8. Amendment of subsection (c) filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).
9. Amendment of subsection (e) and amendment of Note filed 11-3-2006 as an emergency; operative 11-3-2006 (Register 2006, No. 44). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 4-12-2007 or emergency language will be repealed by operation of law on the following day.

(f) Interview requirements. A personal interview shall be conducted with the appellant at the first level of review unless:

(1) First level was waived. In such case a personal interview shall be conducted with the appellant at the second level.

(2) The reviewer has decided, before interviewing the appellant, to grant the appeal.

(3) The appellant is not present at the institution where the appeal was filed. In such case, a telephone interview with the appellant shall meet the interview requirement.

(A) If the appeal concerns a disciplinary action, the telephone interview may be waived if the appeals coordinator determines an interview would not provide additional facts.

(B) If the appellant is not available for telephone interview, the reviewers shall request the caseworker in the jurisdiction where the appellant is located to complete the interview and provide a written report.

(g) Written response. At each level of review not waived, the original appeal shall be returned to the appellant with a written response stating the appeal issue and reasons for the decision.

(h) Disciplinary appeals. When procedural or due process requirements provided inmates in disciplinary proceedings have been violated, one of the following remedies shall be considered:

(1) The original disposition shall be vacated and the charges dismissed if the reviewer determines that the findings of the disciplinary hearing were not supported by the evidence presented at the hearing and any of the following circumstances are evident:

(A) The charge was based on information later determined to be false or unsubstantiated.

(B) A new hearing would not likely produce additional information.

(C) Elapsed time makes it unlikely the accused can present an adequate defense.

(D) Witnesses whose absence would prevent the accused from presenting an adequate defense are no longer available.

(2) The original disposition shall be vacated and a new hearing ordered if the reviewer determines that any of the following requirements were not met:

(A) The accused was not given copies of required documents within specified time limits before the hearing and did not waive the time limits.

(B) The charges were based on confidential information and the accused was not given a copy of the CDC Form 1030 (Rev. 12/86), Confidential Information Disclosure.

(C) Confidential information was used and the disciplinary findings did not address the reliability of the source and the validity of the information.

(D) The accused was denied witnesses, or when security was an issue, denied statements of witnesses, which would, in the opinion of the reviewer, have contributed significant information.

(E) The accused was not allowed to speak or present documentation in their own defense.

(F) The accused was not assigned a staff assistant or interpreter if required.

(G) An investigative employee was not assigned if required, or if assigned, the investigative employee did not adequately perform their task and it appears that such an investigation would have assisted the accused or hearing officials.

(3) When a disciplinary charge is ordered reheard, a new CDC Form 115 shall be written and processed. The disciplinary time constraints shall begin on the date the new CDC Form 115 is written except when an inmate is being returned to a facility for a disciplinary rehearing, the time constraints shall begin upon the inmate's return to that facility.

(i) Delay in Disposition. An administrator may delay for up to 90 days the implementation of a decision affecting an appellant when such delay will not threaten institution security, the safety of any person, or create a serious operational problem.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, 104 Stat. 328; and Section 35.107, Title 28, Code of Federal Regulations.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003(a) and (b).

2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (g) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. New subsection (a)(3)(F), amendment of subsection (b), new subsections (g) and (h), and relettering of subsection (g) to (i) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. New subsection (a)(3)(G) filed 2-1-93 as an emergency; operative 2-1-93 (Register 93, No. 6). A Certificate of Compliance must be transmitted to OAL 6-1-93 or emergency language will be repealed by operation of law on the following day.

6. Certificate of Compliance as to 2-1-93 order transmitted to OAL 5-20-93 and filed 6-8-93 (Register 93, No. 24).

7. New subsection (a)(3)(H) and amendment of Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.

8. New subsection (b)(4) filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

9. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).

10. Amendment of subsections (c), (d) and (e)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

11. Amendment of subsections (c), (d) and (e)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

12. Editorial correction of History 11 (Register 97, No. 24).

13. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

**3084.6. Appeal Time Limits.**

(a) Commencement. Time limits for submitting or reviewing appeals shall commence upon the date of receipt of the appeal document by the appeals coordinator or the appellant.

(b) Departmental response. Appeals shall be responded to and returned to the appellant by staff within the following time limits:

(1) Informal level responses shall be completed within ten working days.

(2) First level responses shall be completed within 30 working days.

(3) Second level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3).

institution. If sold, all inmates involved in its production or creation are to share in any profit as determined by the institution's supervisor of the handicraft program.

Comment: Former DR-2203, subcontracting handicraft production.

HISTORY:
1. Amendment of subsection (b) filed 2-24-77; effective thirtieth day thereafter (Register 77, No. 9).

### 3109. Business Dealings.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600 and 2812, Penal Code.

HISTORY:
1. Repealer and new section filed 10-7-82, effective thirtieth day thereafter (Register 82, No. 41).
2. Editorial correction filed 2-19-85 (Register 85, No. 8).
3. Repealer filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
4. Reinstatement of section as it existed prior to emergency repeal filed 7-25-95 by operation of Government Code section 11346.1(f) (Register 95, No. 30).
5. Repealer filed 7-25-95 as an emergency; operative 7-25-95 (Register 95, No. 30). A Certificate of Compliance must be transmitted to OAL by 11-22-95 or emergency language will be repealed by operation of law on the following day.
6. Certificate of Compliance as to 7-25-95 order transmitted to OAL 11-17-95 and filed 1-3-96 (Register 96, No. 1).

## Article 3.   Library

### 3120.   Inmate Library Requirements.

(a) Each warden shall ensure a library, law library and related services are maintained for the benefit of all inmates in their facility, including those inmates confined to segregated housing units. A library access schedule shall be approved by the warden and posted throughout the facility.

(b) Material that contains any of the characteristics listed in sections 3006(a) and (c) shall be prohibited from inmate libraries unless specifically authorized by the institution head.

(c) To check out material from a library, each inmate shall:
(1) Present photo identification (state identification or privilege card) as required.
(2) Sign a trust account withdrawal order.
(3) Display the materials to staff when leaving the library.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 5054, 2600 and 2601, Penal Code; *Toussaint* v. *McCarthy*, 801 F.2d 1080 (9th Cir. 1986); and *Bounds* v. *Smith*, 97 S.Ct. 1491 (1977), 430 U.S. 817.

HISTORY:
1. Repealer and new section filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).
2. Amendment filed 6-30-93; operative 7-30-93 (Register 93, No. 27).
3. Certificate of Compliance as to 12-27-95 order including amendment of subsection (b) and Note transmitted to OAL 4-25-96 and filed 6-6-96 (Register 96, No. 23).

### 3121.   Library Restrictions and Penalties.

(a) No books or other reference material shall be removed from an inmate library without the librarian's authorization.

(b) Books or other library material checked out to an inmate shall not be loaned to or borrowed by another inmate, and shall be returned to the library as required.

(c) Inmates whose checked out library material is lost, damaged, or stolen shall be subject to disciplinary actions and may also be charged for the costs of repair or replacement of the material and may be denied or have restrictions placed upon their library privileges.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:
1. Amendments filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).
2. Editorial correction of printing error in Note (Register 92, No. 5).
3. Renumbering and amendment of former section 3122 to section 3121 and renumbering and amendment of former section 3121 to section 3122 filed 6-30-93; operative 7-30-93 (Register 93, No. 27).

### 3122.   Inmate Law Library.

(a) Each facility shall provide legal materials through its law library to provide inmates with meaningful access to the courts. Inmates with established court deadlines shall be given higher priority to access law library resources than those with longer deadlines or without a deadline.

(b) An inmate in a facility without a law library and requesting access to such resources shall be transferred to a facility with a law library of departmental choosing for the period of time needed to complete legal work.

NOTE: Authority cited: Section 5058, Penal Code. Reference: section 5054, Penal Code; *Gilmore* v. *Lynch*, 319 F.Supp. 105 (1970); *Toussaint* v. *McCarthy*, 801 F.2d 1080 (9th Cir. 1986); *Toussaint* v. *McCarthy*, USDC N.D. Cal. No. C 73-1422 SAW, First Special Report of the Monitor, August 19, 1987; and *Toussaint* v. *Rowland*, USDC N.D. Cal. No. C 73-1422 SAW, Second Special Report of the Monitor, June 30, 1988.

HISTORY:
1. Amendment filed 10-7-82; effective thirtieth day thereafter (Register 82, No. 41).
2. Renumbering and amendment of former section 3121 to section 3122 and renumbering and amendment of former section 3122 to section 3121 filed 6-30-93; operative 7-30-93 (Register 93, No. 27).

## Article 4.   Mail

### 3130.   General Policy.

The department encourages correspondence between inmate and persons outside the correctional facilities. The sending a receiving of mail by inmates will be uninhibited except provided for in this article. The privacy of correspondence betw inmates and persons outside correctional facilities shall nc invaded except as may be necessary to prevent physical inj persons and to maintain the security of correctional faciliti the community.

NOTE: Authority cited: Section 5058, Penal Code. Referenc 2600, 2601(d), 5054, Penal Code. *Procunier* v. *Mar* U.S. 396.

HISTORY:
1. Repealer of Article 4 (Sections 3130–3143) and n (Sections 3130–3147) filed 10-7-82; effective thirtiet ter (Register 82, No. 41). For prior history, see Regis 78, No. 12; 77, No. 40; 77, No. 20; 77, No. 9 and

### 3131.   Plan of Operation.

Each warden, superintendent and heads of cor shall prepare and maintain a plan of operations receiving of mail for all inmates housed in th will require the director's approval before before any revision is made to an approved p correctional facility shall conform to the po the provisions of law made reference to inmates of the facility. Correctional staff each newly received inmate of all departn procedures governing inmate mail.

NOTE: Authority cited: Section 5058, P 2080, Penal Code, and *Procunier* v. *Mc*

### 3132. Responsibility and Compliance.

(a) Correspondents are personally responsible for the content of each item of mail they send into or out of a correctional facility. Any violation of laws governing mail will be referred to postal authorities and to appropriate criminal authorities. Violations of law, the policies and regulations set forth in this article, or of approved facility mail procedures may result in the temporary suspension or denial of correspondence between the persons involved.

(b) Departmental employees, inmates and persons corresponding with inmates must comply with the regulations set forth in this article and with approved facility mail procedures. Failure to do so may result in legal or administrative measures against the person or persons involved.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 2930, 5054, 5058, Penal Code; and *Procunier v. Martinez*, 416 U.S. 396.

### 3133. Number of Correspondents.

(a) Except as set forth in Sections 3139, 3140 and 3147 of this article, there shall be no limitations placed upon the number of persons with whom an inmate may correspond nor upon the number, location or current status of inmates with whom an inmate may correspond.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 4570, Penal Code; *Procunier v. Martinez*, 416 U.S. 396; and *Bell v. Wolffish*, 99 S. Ct. 1861.

### 3134. Indigent Inmates.

Writing paper, envelopes, and the minimum postage required for first class domestic mail for up to five one ounce letters per week shall be supplied to an indigent inmate as defined in section 3000, upon the inmate's request. An indigent inmate shall have free and unlimited postage for the mailing of claims to the Board of Control and for the filing of legal documents to any court as described in section 3165. Foreign mail requiring postage in excess of the minimum required for first class domestic mail will be limited to two of the five one ounce letters. A charge will not be placed against future deposits to the inmate's trust account to recover the costs of materials and postage provided while the inmate was without funds.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 4570, Penal Code; *Procunier v. Martinez*, 416 U.S. 396; and *Bell v. Wolffish*, 99 S. Ct. 1861.

HISTORY:
1. Change without regulatory effect amending section filed 10-29-90 pursuant to section 100, title 1, California Code of Regulations (Register 91, No. 6).
2. Editorial correction deleting duplicate sentence (Register 91, No. 11).
3. Editorial correction of printing error in Note (Register 92, No. 5).
4. Amendment filed 11-18-96; operative 12-18-96 (Register 96, No. 47).

### 3135. Disturbing or Offensive Correspondence.

(a) Nonconfidential correspondence will be read by staff as described in section 3138. Nonconfidential correspondence may be disallowed if the text of such correspondence presents danger, or a threat of danger, to any person. Exceptions to disallowing such correspondence may be made under extremely unusual circumstances and with the prior approval of the warden or superintendent. The authority to disallow such correspondence will not be delegated below the staff level of facility or correctional captain. In all such cases the reasons for withholding or delaying such mail will be fully documented and the disposition of the mail noted.

(b) Disagreement with the sender's or receiver's apparent moral values, attitudes, veracity, or choice of words will not be used by correctional staff as a reason for disallowing or delaying mail. Correctional staff shall not challenge or confront the sender or receiver with such value judgments nor shall such value judgments be considered in any action affecting the correspondents except as described in subsection (c).

(c) If the receiver of any mail, confidential or nonconfidential, directs a written complaint to administrative staff of the department or to institution officials, due consideration will be given to any reasonable remedy sought by the individual. This may include discussion of the complaint with the inmate in an attempt to resolve the matter; reading of all mail, including confidential mail, addressed to the individual; and, disallowing only that which appears to perpetuate the problem or disallowing all mail to the individual. Complaints and requests for actions, which would, if approved, restrict an inmate's correspondence, and any action taken in response to such complaints or requests will be fully documented in the inmate's case file. An exception to the prohibition contained in Section 3147(a)(8) against placing copies of an inmate's personal correspondence in the inmate's case file may be made under the circumstances described in this subsection.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2601, 5054, Penal Code; and *Procunier v. Martinez*, 416 U.S. 396.

HISTORY:
1. Change without regulatory effect amending subsection (a) filed 8-6-2001 pursuant to section 100, Title 1, California Code of Regulations (Register 2001, No. 32).

### 3136. Disapproval of Inmate Mail.

(a) Staff shall not permit an inmate to send or receive mail which, in their judgment, has any of the characteristics listed in section 3006(c).

(b) Such mail shall be referred to a staff member not below the level of facility captain. Disapproved outgoing mail shall be processed in accordance with subsection 3147(a)(6). Disapproved incoming mail shall be disposed of in the manner set forth in subsection 3147(a)(5)(B).

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 2600 and 2601(d), Penal Code.

HISTORY:
1. Amendment of section heading and section, and redesignation of former subsections 3136(a)–(h) to subsections 3006(c)(1)–(8) filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.
2. Editorial correction of History 1 (Register 95, No. 24).
3. Amendment of section heading and section, and redesignation of former subsections 3136(a)–(h) to subsections 3006(c)(1)–(8) refiled 6-13-95 as an emergency; operative 6-13-95 (Register 95, No. 24). A Certificate of Compliance must be transmitted to OAL by 11-20-95 or emergency language will be repealed by operation of law on the following day.
4. Reinstatement of section as it existed prior to emergency amendment filed 12-27-95 by operation of Government Code section 11346.1(f). Certificate of Compliance as to 6-13-95 order transmitted to OAL 11-9-95; disapproved by OAL and order of repeal as to 6-13-95 order filed on 12-27-95 (Register 95, No. 52).
5. Amendment filed 12-27-95 as an emergency pursuant to Government Code section 11346.1; operative 12-27-95 (Register 95, No. 52). A Certificate of Compliance must be transmitted to OAL by 4-25-96 or emergency language will be repealed by operation of law on the following day.
6. Certificate of Compliance as to 12-27-95 order including amendment of subsection (b) transmitted to OAL 4-25-96 and filed 6-6-96 (Register 96, No. 23).

### 3137. Appeals Relating to Mail.

(a) Inmates and the correspondents of inmates may appeal departmental rules, regulations, policies, approved facility procedures and the application of same, relating to mail and correspondence.

Exhibit 2

FILED

JUN 2 4 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

In the Matter of the Application of

JAMES E LAWSON

Petitioner,

For a Writ of Habeas Corpus

NO: CV080414

ORDER DENYING PETITION OR TRANSFERRING PETITION

The Petition for Writ of Habeas Corpus filed ___June 12, 2008___, has been read and considered.

☒ 1. The Writ of Habeas Corpus is denied for the following reason:

___ The vague, unsupported, and conclusionary allegations contained in the Petition are insufficient to allow for intelligent consideration of the issues which Petitioner had attempted to raise. In re Swain (1949) 34 Cal. 2d 300; In re Patton (1918) 178 Cal. 629.

☒ Petitioner is required to exhaust administrative remedies before seeking relief in the courts. In re Muszalski (1975) 52 Cal.App. 3d 500.

☒ Petitioner has available remedies at law which have not been exhausted.

___ The facts alleged in support of this Writ have been previously considered and the Writ was denied on _____.

___ The circumstances described to support the request for issuance of the Writ have changed thereby rendering the Petition moot.

_____ Habeas corpus will not serve as a second appeal or in place of appeal. <u>In re Harris</u> (1993) 5 Cal.4th 813; <u>In re Foss</u> (1974) 10 Cal.3d 910; <u>In re Waltreus</u> (1965) 62 Cal.2d 218. Absent strong justification, any issue that was actually raised and rejected on appeal cannot be renewed by habeas corpus and failure to present an issue on appeal will generally preclude its consideration by writ of habeas corpus. <u>In re Harris, supra</u>,; <u>In re Dixon</u> (1953) 41 Cal.2d 756.)

__X__ Other.

The petitioner has a Civil Rights complaint pending in the U.S. District Court for Northern District on the issues raised in the writ petition. Also administrative review by the Warden is pending.

_____ 2. This matter is transferred to the Superior Court of _____. County. The Court finds that to be the appropriate jurisdiction for the above-mentioned Writ in that the Petitioner is confined in _____ County or the circumstances upon which this Writ is based arise out of _____ County. <u>Griggs v. Superior Court</u> 16 Cal. 3d 341.

Dated: 6/20/08

_____
Judge

whc.3

Exhibit 2

FILED

JUN 2 4 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| In the Matter of the Application of <br><br> JAMES E LAWSON <br><br> Petitioner, <br><br> For a Writ of Habeas Corpus | NO: CV080414 <br><br> JUDGMENT OF DISMISSAL |

The above entitled matter was duly considered by the Court on 6/20/08. The issues were found moot and/or the Writ denied; therefore;

IT IS ORDERED, ADJUDGED, AND DECREED that the within action be dismissed with prejudice.

DATED: 6/20/08

_____
Judge of the Superior Court

whc.dis

Exhibit 2

FILED
JUN 2 4 2008
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| In the Matter of the Application of | NO: CV080414 |
|---|---|
| JAMES E LAWSON | NOTICE OF ENTRY OF DISMISSAL |
| Petitioner, | |
| For a Writ of Habeas Corpus | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that a Judgment of Dismissal in the above entitled action was entered  JUN 2 4 2008  .

Dated:  JUN 2 4 2008

KERRI L. KEENAN, CLERK

By: _____
Deputy Clerk

Notice of Entry

Exhibit 2

FILED
JUN 24 2008
SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

SUPERIOR COURT OF CALIFORNIA

COUNTY OF HUMBOLDT

| | |
|---|---|
| In the Matter of the Application of: | Case No.: No. CV080414 |
| JAMES E. LAWSON, | PROOF OF SERVICE |
| Petitioner, | |
| For a Writ of Habeas Corpus | |

I am over the age of 18 years, residing or employed in the County of Humboldt, and not a party to the within action. My business address is 825 Fifth Street, Eureka, CA 95501. On June 24, 2008, I served a copy of the Order Denying Petition, Judgment of Dismissal and Notice of Entry of Dismissal, on the parties named below, by placing a copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Eureka, California, or delivered to the attorney's mail delivery bin in the Court Operations Office at Eureka, California:

James Larson
SQSP
San Quentin, CA 94974

District Attorney
out basket
Court Operations

Public Defender
Out basket
Court Operations

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this declaration was executed on this 24th day of June, 2008, at Eureka, California.

_____
Deputy Clerk

PROOF OF SERVICE - 1

— Exhibit 3

**E-filing**

FILED
VRW60
08 JUL 91 10:47
RICHARD W.
CLERK, U.S. DI...URT
...RNIA

1   **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2   Name  Lawson         James           E
3        (Last)          (First)         (Initial)

4   Prisoner Number  T-77697

5   Institutional Address  SQSP San Quentin Ca 94974

6

7              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
8
9   James Edward Lawson
    (Enter the full name of plaintiff in this action.)              CV 08    3349
10                vs.                        Case No. _____VRW
                                             (To be provided by the Clerk of Court)
11  Dan Foy
                                             COMPLAINT UNDER THE      (PR)
12  Matt Goughnour                           CIVIL RIGHTS ACT,
                                             Title 42 U.S.C § 1983
13  D. Smallen

14  Eureka Parole Office
    (Enter the full name of the defendant(s) in this action)
15

16  [All questions on this complaint form must be answered in order for your action to proceed..]

17  1.   Exhaustion of Administrative Remedies.

18       [**Note:** You must exhaust your administrative remedies before your claim can go

19       forward. The court will dismiss any unexhausted claims.]

20       A.   Place of present confinement  SQSP/CDCR

21       B.   Is there a grievance procedure in this institution?

22            YES (✓)    NO ( )

23       C.   Did you present the facts in your complaint for review through the grievance

24            procedure?

25            YES (✓)    NO ( )

26       D.   If your answer is YES, list the appeal number and the date and result of the

27            appeal at each level of review. If you did not pursue a certain level of appeal,

28            explain why. M Goughnour said he did not feel the need to Answer
              my appeal B/c I was locked up (E) HAD ustecase ...
    COMPLAINT ...